**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SIWELL, INC. d/b/a CAPITAL MORTGAGE SERVICES OF TEXAS,<br><br>                Plaintiff,<br><br>     v.<br><br>ALEXI VOLOSEVICH, TAMMY SEWELL, JOSEPH JAMES REAL ESTATE, FOUNDATION REAL ESTATE, and CLEAR SKIES TITLE AGENCY LLC.<br><br>                Defendants. | Docket No. 2:21-cv-13852-JXN-CLW<br><br>**A CIVIL ACTION**<br><br><br><br><br><br>Return Date: November 1, 2021 |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF
CLEAR SKIES TITLE AGENCY LLC'S MOTION TO DISMISS**

Ryan J. Cooper (RC-0477)
**COOPER, LLC**
108 N. Union Ave., Suite 4
Cranford, NJ 07016
908.514.8830
ryan@cooperllc.com
*Counsel for Clear Skies Title Agency LLC*

## Table of Contents

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Preliminary Statement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2

I.  Capital Mortgage Fails to Identify the Elements, Nor the Facts, to
    Establish Clear Skies' Participation in any RICO Conspiracy . . . . . . . . . . . . . . . . . 2

II. Capital Mortgage's Cursory and Conclusory Allegations Do Not Allege
    Facts Sufficient to Plausibly Establish Clear Skies Tortiously Interfered With
    A Contract. . . . . . .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

III. Capital Mortgage's Opposition Brief Ignores Its Remaining Claims for
     Fraud, Unjust Enrichment, and Violation of the N.J. Consumer Fraud Act.. . . . . . .5

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

# Table of Authorities

## Cases

*Baxter Healthcare Corp. v. HQ Specialty Pharma Corp.*, 157 F. Supp. 3d 407 (D.N.J. 2016) . . .4

*City Check Cashing, inc. v. Nat'l State Bank*, 244 N.J. Super. 304 (App. Div. 1990). . . . . . . .6

*Gennari v. Weichert Co. Realtors,* 148 N.J. 582 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Goldenstein v. Repossessors, Inc.*, 812 F.3d 142 (3d Cir. 2016). . . . . . . . . . . . . . . . . . . . . . . .3

*Gonzalez v. Wilshire Credit Corp.*, 207 N.J. 557 (2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6

*Ideal Dairy Farms, Inc. v. John Labatt, Ltd.*, 90 F.3d 737 (3d Cir.1996) . . . . . . . . . . . . . . . . .3

*Lum v. Bank of America*, 361 F.3d 217 (3d Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*MK Strategies, LLC v. Ann Taylor Stores Corp.*, 567 F. Supp. 2d 729 (D.N.J. 2008). . . . . . . . 6

*Prudential Ins. Co. of Am. v. Bank of Am., Nat. Ass'n*, 14 F. Supp. 3d 591 (D.N.J. 2014) . . . . 5

*VRG Corp. v. GKN Realty Corp.*, 135 N.J. 539 (1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

## Rules & Statutes

Federal Rule of Civil Procedure 9. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 9

18 U.S.C. § 1962. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2, 4

N.J.S.A. 17:46B-1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Defendant Clear Skies Title Agency LLC ("Clear Skies"), by its undersigned counsel, hereby submits this reply brief in further support of its Motion to Dismiss Plaintiff Siwell, Inc. d/b/a Capital Mortgage Services of Texas's ("Capital Mortgage") Complaint.

## PRELIMINARY STATEMENT

Capital Mortgage's Opposition fails address any of the material deficiencies in its Complaint as raised by Clear Skies Motion to Dismiss. Capital Mortgage has yet to identify exactly what claim it is alleging (and what elements it must establish) under the Racketeer Influenced and Corrupt Organizations Act ("RICO"). Capital Mortgage also does not state even what claims are intended to be asserted against Clear Skies. Its Opposition Brief, in fact, ignores three of the five claims Clear Skies seeks to dismiss, i.e., Counts III through V. Nor does Capital Mortgage attempt to explain how a national mortgage lender could be a defrauded "consumer" under the New Jersey Consumer Fraud Act.

As set forth in its initial brief, Clear Skies is the victim of a frivolous and meritless pleading that alleges nothing more than that Clear Skies is, *on information and belief,* a title insurance agency that provides title insurance. That is patently insufficient to support any claim for relief. Accordingly, Clear Skies respectfully requests that the Court dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim.

## ARGUMENT

**I.    Capital Mortgage Fails to Identify the Elements, Nor the Facts, to Establish Clear Skies' Participation in any RICO Conspiracy.**

Capital Mortgage's opposition brief does nothing to clarify exactly what RICO claim Capital Mortgage is attempting to allege, rendering this claim meritless and frivolous. Capital Mortgage fails to identify the specific RICO claim it is asserting. Capital Mortgage also fails to allege facts to plausibly establish any elements of a purported RICO claim, and certainly not with the factual specificity required of fraud claims. Capital Mortgage also grossly misinterprets the plain language of RICO's prohibition on the use of racketeering activities to collect an "unlawful debt."

Capital Mortgage has not identified which of the four distinct and separate causes of action available under 18 U.S.C. § 1962, it is attempting to assert here. The RICO statute prohibits: i.) using racketeering profits to invest in a (legitimate) enterprise, 18 U.S.C. § 1962(a); ii.) using racketeering profits to purchase and maintain a (legitimate) enterprise, 18 U.S.C. § 1862(b); iii.) using racketeering activities to further an enterprise's operations or collect an "unlawful debt," 18 U.S.C. § 1862(c); and iv.) to conspire to violate any of the preceding subsections, 18 U.S.C. § 1862(d). Capital Mortgage has not alleged that any of these subsections have been violated.

Capital Mortgage merely recites that it has alleged a pattern of racketeering activity in furtherance of a RICO conspiracy. (*See, e.g.,* Opp. Br. at 6.) Yet, Capital Mortgage does not allege that Clear Skies is a part of that conspiracy. The Complaint alleges, and the Opposition Brief repeats, that the alleged co-conspirators are only "Tammy Sewell and

2

Alexei Volosevich and several other [unidentified] individuals (collectively, the 'Short Sale Co-Conspirators')." (Compl. ¶ ; Opp. Br. at 1.) The purported allegations of the pattern of racketeering activities are a threadbare recitation of the seemingly talismanic words "pattern of racketeering activities" without any of factual specificity nor the heightened specificity required of fraud claims.  *Ideal Dairy Farms, Inc. v. John Labatt, Ltd.*, 90 F.3d 737, 747 (3d Cir.1996); *Lum v. Bank of America*, 361 F.3d 217, 220 (3d Cir. 2004); Fed. R. Civ. P. 9. Similarly, Capital Mortgage incorrectly confuses the unlawful collection of a lawful debt with the collection of an unlawful debt. (Opp. Br. at 7.) RICO prohibits the latter only and *Goldenstein v. Repossessors, Inc.*, 812 F.3d 142, 148-49 (3d Cir. 2016), is consistent. It is the character of the debt that is material; there is no allegation here that the underlying mortgages were "unlawful debt." *See also* 18 U.S.C. § 1862(c).

Capital Mortgage also fails to allege any facts that would establish an "enterprise," legitimate or not. Capital Mortgage's enterprise allegations consist of the allegation that the enterprise "operated separately and distinct from each individual" and was involved in interstate commerce. (Compl. ¶¶ 39-40.) But there may in fact be multiple "real estate related enterprises"; it is unclear. (*See* Compl. ¶ 42.) There are no allegations of the enterprise's name, its command and control, indicia that it existed separate and apart from the defendants, etc. Capital Mortgage's conclusory allegations are devoid of any factual support, are contradictory, and are inconsistent with whatever specific RICO claim it is attempting to allege.

Finally, although not alleged in its Complaint, Capital Mortgage's opposition brief attempts to rely on HUD regulations to assert that Clear Skies had some additional duty

not alleged in the Complaint. (Opp. Br. at 8.) This is incorrect. Clear Skies is a title insurance agency, responsible for reviewing title for defects and for obtaining a contract for "indemnifying owners of real property or others interested therein against loss or damage suffered by reason of liens, encumbrances upon, defects in or the unmarketability of the title to said property." N.J.S.A. 17:46B-1. There is no support for Capital Mortgage's purported inference that Clear Skies warranties Capital Mortgage's compliance with unspecified HUD regulations (Capital Mortgage admits that its own employee Tammy Sewell informed Clear Skies that Capital Mortgage approved of the transaction). (*See* Compl. ¶ 29.) Therefore, this argument, like Capital Mortgage's Complaint, establishes nothing more than that Clear Skies acted as an innocent third-party by acting as title insurer for the purchaser of these properties.

Capital Mortgage has not alleged a single element of a RICO claim under any of the four subsections of 18 U.S.C. § 1962. It offers instead merely a thread bare recitation of RICO "buzz words" that are internally inconsistent with a viable RICO claim. Accordingly, Capital Mortgage's RICO claim should be dismissed.

## II. Capital Mortgage's Cursory and Conclusory Allegations Do Not Allege Facts Sufficient to Plausibly Establish Clear Skies Tortiously Interfered With A Contract.

Capital Mortgage's claim for tortious interference ignores that an essential element of such a claim  - an element Capital Mortgage cannot establish – is that the plaintiff reasonably expected the contract to be performed *but for* the defendant's alleged interference. *See Baxter Healthcare Corp. v. HQ Specialty Pharma Corp.*, 157 F. Supp. 3d 407, 420 (D.N.J. 2016) (stating the elements of a tortious interference claim). Capital

4

Mortgage's Complaint admits that contract in question, the underlying mortgage, was in default and therefore Capital Mortgage had no right to anticipate future performance by the homeowner. Put differently, Capital Mortgage can establish neither that Clear Skies caused the homeowner's default on the mortgage; or that but for Clear Skies' actions the defaulting homeowner would have become current on their mortgage. Moreover, even without this material flaw, Capital Mortgage has not alleged sufficient facts that plausibly establish *any* of the elements, in particular what Clear Skies actually did to interfere in the underlying mortgages. Accordingly, Capital Mortgage's claim for tortious interference should be dismissed.

III.     **Capital Mortgage's Opposition Brief Ignores Its Remaining Claims for Fraud, Unjust Enrichment, and Violation of the N.J. Consumer Fraud Act.**

Capital Mortgage's Opposition Brief ignores and implicitly acknowledges that it has not stated a plausible claim for fraud, unjust enrichment, or violation of the New Jersey Consumer Fraud Act. The Complaint is entirely perfunctory and bereft of any facts that establish a plausible claim that Clear Skies defrauded Capital Mortgage, which must be pleaded with heightened specificity pursuant to Federal Rule of Civil Procedure 9. *See also Prudential Ins. Co. of Am. v. Bank of Am., Nat. Ass'n*, 14 F. Supp. 3d 591 (D.N.J. 2014) (*quoting Gennari v. Weichert Co. Realtors,* 148 N.J. 582, 610 (1997)) (stating the elements of a fraud claim). Among other things, the Complaint does not allege any purported misrepresentation by Clear Skies to Capital Mortgage, nor is there anything that would establish the materiality of any statement nor Capital Mortgage's reliance on the statement. Accordingly, Capital Mortgage's fraud claim should be dismissed.

Capital Mortgage's claim for unjust enrichment is similarly meritless because it fails to allege the basic elements of the claim. *See MK Strategies, LLC v. Ann Taylor Stores Corp.*, 567 F. Supp. 2d 729, 733 (D.N.J. 2008) (*quoting VRG Corp. v. GKN Realty Corp.*, 135 N.J. 539, 554 (1994)) (stating the elements of an unjust enrichment claim). Capital Mortgage does not, nor can it, allege that Capital Mortgage conferred a benefit on Clear Skies for which Capital Mortgage expected remuneration. There are no facts at all alleged in connection with this claim that make any of the elements plausible. Acordingly, Capital Mortgage's claim for unjust enrichment be dismissed.

Finally, Capital Mortgage does not attempt to explain how it, a national mortgage lender and serviced, has standing to assert a claim for breach of the New Jersey Consumer Fraud Act, which protects consumers. *See Gonzalez v. Wilshire Credit Corp.*, 207 N.J. 557, 576 (2011). It does not, and the underlying short sales, and mor specifically Capital Mortgage's role in those short sales, are not within the scope of the NJCFA. *See, e.g., City Check Cashing, inc. v. Nat'l State Bank*, 244 N.J. Super. 304, 309, (App. Div. 1990). Nor has Capital Mortgage alleged any facts that would plausibly establish that Clear Skies engaged in any unlawful practice that caused Capital Mortgage to suffer an ascertainable loss. Accordingly, Capital Mortgage's claim for breach of the NJCFA should be dismissed.

**CONCLUSION**

For the foregoing reasons, Clear Skies respectfully requests that the Court, pursuant to Federal Rule of Civil Procedure 12(b)(6), dismiss all claims against Clear Skies for failure to state a plausible claim for relief.

Dated: October 25, 2021                    Respectfully Submitted,

By: ___/s/Ryan J. Cooper_____
Ryan J. Cooper (RC-0477)
COOPER, LLC
108 N. Union Ave., Suite 4
Cranford, NJ 07016
908.514.8830
ryan@cooperllc.com
*Counsel for Clear Skies Title Agency LLC*

7