UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**CHAMBERS OF
CATHY L. WALDOR
UNITED STATES MAGISTRATE JUDGE**

**MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
ROOM 4040
NEWARK, NJ 07101
973-776-7862**

### LETTER ORDER

March 30, 2022

*To pro se Defendant and all counsel via ECF*

**Re:**  **Siwell, Inc. v. Volosevich, et al.
Civil Action No. 2:21-13852 (JXN) (CLW)**

Litigants:

This will address Defendant Alexei Volosevich's motions for appointment of pro bono counsel. (ECF Nos. 10, 27). In accordance with Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1, the Court resolves Mr. Volosevich's applications without oral argument. Upon careful consideration of his submissions, as well as the balance of the record for this matter, Defendant Volosevich's motions are **DENIED WITHOUT PREJUDICE**.

The Court begins its analysis by recognizing that indigent civil litigants have neither a constitutional nor a statutory right to appointed counsel. *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). The District Court has broad discretion to request appointment of counsel when appropriate, however, and must evaluate each situation on a case-by-case basis. 28 U.S.C. § 1915 (d), (e)(1); *Tabron v. Grace*, 6 F.3d 147, 157-58 (3d Cir. 1993), *cert denied*, 510 U.S. 1996 (1994). The Court must also remain mindful of certain limitations while exercising that discretion. First, the Court acknowledges that "volunteer lawyer time is extremely valuable" and "district courts should [therefore] not request counsel . . . indiscriminately." *Tabron*, 6 F.3d at 157; *accord Houser v. Folino*, 927 F.3d 693, 700 (3d Cir. 2019). The Court must also "take note of the significant practical restraints

on the district courts' ability to appoint counsel: . . . the lack of funding to pay appointed counsel; and the limited supply of competent lawyers who are willing to undertake such representation without compensation." *Tabron*, 6 F.3d at 157.

Turning to the substance of the question of whether to appoint counsel, the Court must first make a threshold determination as to "whether the claimant's case has some arguable merit in fact and law." *Montgomery*, 294 F.3d at 498-99 (citing *Tabron*, 6 F.3d at 155). Here, the applicant is a defendant in the case and does not have an affirmative claim. Defendant Volosevich has filed an Answer to the Complaint, (ECF No. 9), however, and has denied the bulk of Plaintiff's allegations. (*Id.*). Given those denials, and the early stage of the case, the Court will assume that Defendant Volosevich has articulated a facially meritorious defense.

Where, as here, a party's claims or defenses have arguable merit in fact and law, a court must consider the following factors when evaluating an application for appointment of counsel: (1) the party's ability to present his or her case; (2) the complexity of the legal issues involved; (3) the extent of factual discovery and the party's ability to investigate and to comply with complex discovery rules; (4) the extent to which the case may turn on credibility determinations; (5) whether expert testimony will be required; and (6) whether the party can afford counsel on his or her own behalf. *Tabron*, 6 F.3d at 156. The Court will evaluate each in turn.

The Court will examine the first (Defendant's ability to present the case) and third (Defendant's ability to investigate and comply with complex discovery rules) *Tabron* factors together. At this juncture, the record is not sufficiently developed to permit the Court to make a meaningful determination on either point. In his submissions to date, Defendant has demonstrated some ability to advocate on his own behalf. (*See, e.g.,* Answer, ECF No. 9; First Motion for Appointment of Counsel, ECF No. 10; Second Motion for Appointment of Counsel, ECF No. 27). Defendant has not adequately established his need for assistance of counsel. While one section of the form application

2

for appointment of pro bono counsel asks applicants to "[e]xplain specifically why you feel you need a lawyer to represent you at this time", Defendant left that section blank in his first application. In his second motion, Defendant indicated:

> I received this summons from a time where I worked for another real estate broker who is no longer in business. The insurance is not active and will not cover my legal expenses. I spoke to a few attorneys and they are requesting $20,000 retainer fees. I am currently unemployed and am having difficulty understanding on how to proceed. Free legal services says they don't assist with these types of cases.

(Second Motion for Appointment of Pro Bono Counsel at 3, ECF No. 27). While the Court understands that Defendant may not be familiar with the litigation process, he must make a good faith attempt to litigate this case on his own behalf. Only then will the Court have a sufficient basis to make an informed decision regarding the first and third *Tabron* factors. Right now, they weigh against granting his application.

The Court now turns to the second *Tabron* factor and examines the complexity of the legal issues involved in the case. Plaintiff alleges that Defendant Volosevich led a conspiracy to "defraud lenders . . . on certain mortgage loans that were in default . . . by providing them with false, misleading and incomplete information to induce them to approve short sales at fraudulently depressed prices, thereby causing losses . . . ." (Compl. ¶ 24, ECF No. 1). Plaintiff alleges a civil claim under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, et seq., a claim for violation of the New Jersey Consumer Fraud Act, as well as various common law claims. (*Id.* ¶¶ 2, 37-64). The Court finds that Plaintiff's claims involve complex legal issues and that the second *Tabron* factor therefore weighs in favor granting Defendant's application.

The Court next considers whether this case is likely to turn on credibility determinations. The Third Circuit has acknowledged that it is "hard to imagine a case that does not" involve credibility in some fashion. *Parham*, 126 F.3d at 460. "Thus, when considering this factor, courts should

3

determine whether the case [is] solely a swearing contest." *Id.* Nothing in the record suggests whether this case involves such a situation. The fourth *Tabron* factor, therefore, does not currently support granting Defendant's application.

The fifth *Tabron* factor requires the Court to examine whether this case is likely to require expert testimony. At this point, it is not yet clear whether such testimony will be necessary. This factor, therefore, does not currently support granting Defendant's application.

Finally, the Court must examine whether Defendant can afford counsel on his own behalf. After examining Defendant's submissions, the Court finds that the record remains unclear on this point. Defendant represents that he is currently unemployed and that the attorneys with whom he has consulted will not represent him unless he provides a large retainer fee in advance. (Second Motion for Appointment of Pro Bono Counsel at 3, ECF No. 27). Defendant has not, however, provided the Court with sufficient information regarding his financial status. This factor, therefore, does not currently support granting Defendant's application.

After carefully considering and balancing the factors that the Third Circuit established in *Tabron and Parham*, the Court finds that those factors currently weigh against granting Defendant's motions for appointment of counsel. While the Court will deny Defendant's applications, that denial is without prejudice to his right to file a subsequent application at a later date.

**CONCLUSION**

Based on the foregoing, it is on this 30th day of March, 2022,

**ORDERED** that Plaintiff's motions for the appointment of pro bono counsel, (ECF Nos. 10, 27), are **DENIED WITHOUT PREJUDICE**; and it is further

5

**ORDERED** that Plaintiff may file a subsequent application, as appropriate, at a later date.

s/Cathy L. Waldor<br>
**Cathy L. Waldor**<br>
**United States Magistrate Judge**

cc:   Hon. Julien X. Neals, U.S.D.J.