UNITED STATES DISTRICT COURT
FOR THE STATE OF NEW JERSEY

SIWELL, INC. D/B/A CAPITAL MORTGAGE SERVICES OF TEXAS

        Plaintiff,

-against-

ALEXEI VOLOSEVICH, TAMMY SEWELL, JOSEPH JAMES REAL ESTATE, FOUNDATION REAL ESTATE AND CLEAR SKIES TITLE AGENCY LLC,

        Defendants.

Case No. 2:21-cv-13852

**BRIEF IN SUPPORT OF THE MOTION OF HASBANI & LIGHT, P.C., DANIELLE P. LIGHT, ESQ, TO WITHDRAW AS COUNSEL FOR PLAINTIFF SIWELL, INC. D/B/A CAPITAL MORTGAGE SERVICES OF TEXAS**

**HASBANI & LIGHT, P.C.**

/s/ Danielle Light
_____
Danielle P. Light, Esq.
*Counsel for Plaintiff Siwell, Inc., d/b/a Capital Mortgage Services of Texas*
450 Seventh Avenue, Ste 1408
New York, New York 10123
(212) 643-6677
dlight@hasbanilight.com

## TABLE OF CONTENTS

**TABLE OF CONTENTS** ..................................................................................................iii

**TABLE OF CITED AUTHORITIES** .............................................................................. 4

**INTRODUCTION** ........................................................................................................... 5

**LEGAL ARGUMENT**..................................................................................................... 5

**CONCLUSION**................................................................................................................ 7

**ORDER GRANTING HASBANI & LIGHT, P.C., DANIELLE LIGHT, P.C., WITHDRAWAL AS COUNSEL FOR PLAINTIFF SIWELL, INC. D/B/A CAPITAL MORTGAGE SERVICES OF TEXAS**................................................................................ 8

## **TABLE OF CITED AUTHORITIES**

**Rules**

**L. Civ. R. 103.1**................................................................................................................... 5

**New Jersey Rule of Professional Conduct 1.16** ................................................................ 5

## INTRODUCTION

Hasbani & Light, P.C., Danielle Light, Esq, ("Movants") move this Court to withdraw them as counsel for Plaintiff Siwell, Inc., d/b/a Capital Mortgage Services of Texas ("Plaintiff'). For the reasons set forth below, movants respectfully request the Court grant their motion.

## LEGAL ARGUMENT

"The Rules of Professional Conduct of the American Bar Association as revised by the New Jersey Supreme Court shall govern the conduct of the members of the bar admitted to practice in this Court, subject to such modifications as may be required or permitted by Federal statute, regulation, court rule or decision of law." L. Civ. R. 103.1. New Jersey Rule of Professional Conduct 1.16, which governs withdrawal of lawyers from representation of clients, provides:

> (b)  Except as stated in paragraph (c), a lawyer may withdraw from representing a client if:
>
> (1)  Withdrawal can be accomplished without material adverse effect on the interests of the client;
>
> (6)  the representation will result in an unreasonable financial burden on the lawyer ...; or
>
> (7)  other good cause for withdrawal exists.

Movants have been unable to reach Plaintiff despite having made multiple attempts to contact Plaintiff via email and by telephone. This breakdown in communication has prevented the Movants from being able to effectively represent the Plaintiff in this action. Additionally,

Movants withdrawal as counsel for Plaintiff can be accomplished without material adverse effect on his interests. Plaintiff's case has not been set for trial, and significant discovery remains outstanding. This case is in its beginning phases, and no trial is imminent. As such, Plaintiff has time to find a new lawyer, and a new lawyer could easily take this case over without any delay to get up to speed. Plaintiff will not be prejudiced by the withdrawal, and Movants should be permitted to withdraw.

Lastly, Movants are permitted to withdraw as counsel under the employment agreement signed by Plaintiff, which includes the following pertinent language:

> **Discontinuing the Representation/Withdrawing from the Representation.** The services of the Firm may be discontinued at any time. However, in a litigated matter, the right to obtain successor counsel is subject to court approval. The court may not grant the substitution of counsel or agree to delay the proceeding to accommodate the hiring of new counsel.
>
> The Firm reserves the right to withdraw from this representation if invoices are not paid on a timely basis or there has been a breakdown of the attorney-client relationship.
>
> Discontinuing the representation does not affect the Client's responsibility to pay for the legal services rendered and the costs in incurred up to the date of termination.

Based on the foregoing, Movants have a contractual right to withdraw as counsel for Plaintiff. As set forth above, and to be explained in more detail at the hearing if asked, Movants have been unable to reach the Plaintiff despite having tried to contact them via numerous emails and telephone calls. Thus, Movants are unable to effectively represent Plaintiff in this action. Moreover, as shown above, withdrawal is contractually permitted.

## **CONCLUSION**

For the reasons discussed above, Movants respectfully request the Court grant their motion to withdraw as counsel for Plaintiff.

**HASBANI & LIGHT, P.C.**

By: _____
Danielle Light, Esq.

Dated: June 16, 2022